James R. Duncan, Plaintiff, v. The George C. Treadwell Company and Others, Respondents.

Francis Theodore Herx and Others, Appellants.

*Receivership of a corporation — when it should not be continued to enable it to raise money to pay its debts.*

A receiver of a corporation was appointed in an action brought by a stockholder thereof against the corporation and two of its directors, in which the complaint alleged that there had been waste of the assets of the corporation in consequence of the wrongdoing and mismanagement of such directors and others confederating with them, and also set forth a scheme of said persons to wreck the corporation, and demanded judgment for an accounting by said directors, that the corporation and its officers be restrained from exercising any corporate rights, and that a receiver be appointed.

*Held,* that as the dissolution of the corporation and the distribution of its assets was not sought, the receivership would not be continued for the purpose of giving the corporation time to raise money to pay its debts, where, after the commencement of such action, a new election of directors of the corporation had been held, the two malfeasant directors removed and the plaintiff in the action and others in accord with him had been placed in control of the corporation.

Appeal by the petitioners, Francis Theodore Herx and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 27th day of June, 1894, denying the petitioners' motion for an order either directing the temporary receiver or custodian of the corporation's property to pay over to the sheriff the amounts due under certain executions, or permitting the sheriff to proceed with the sale of the corporation's property, pursuant to law, notwithstanding such receivership.

*Louis Werner*, for the appellants.

*Zeb A. Dyer*, for the respondents.

Putnam, J. :

If the receiver had been appointed in an action for the dissolution of the George C. Treadwell Company, and the distribution of its assets among creditors, brought by the Attorney-General or a judgment creditor after an execution had been returned unsatisfied,

or in a proceeding for the voluntary dissolution of the corporation, the order from which the appeal is taken would not be disturbed. (*Attorney-General* v. *The Continental L. Ins. Co.*, 28 Hun, 360; *Woerishoffer* v. *North River Construction Co.*, 99 N. Y. 398.)

But this was an action by a stockholder against the corporation and two of its directors. Plaintiff alleged waste of assets in consequence of the wrongdoing and mismanagement of said directors and others confederating with them, and a scheme of said persons to wreck the corporation, and asked for an accounting by said directors, that the corporation and its officers be restrained from exercising any of the corporate rights, and for the appointment of a receiver.

Plaintiff did not ask to dissolve the corporation or distribute its assets, but commenced the action on the ground of the wrongdoing of said directors and their confederates, and, hence, the waste of assets and mismanagement of the corporate business.

Since the commencement of the action a new election of directors of the corporation has been had, and the two malfeasant directors removed, and the plaintiff and those in accord with him are in control of the corporation.

It is, hence, difficult to see on what ground the receivership continues. Directors against whom no charge is made are in control of the corporation, and, although the action may be continued for the purpose of a judgment against the malfeasant directors, there can be no object in continuing such receivership. The object for which plaintiff obtained the appointment of the receiver has been attained by the voluntary action of the corporation and its stockholders.

We are not aware of any statute or law which justifies the continuance of the receivership for the purpose of giving the corporation time to raise money to pay its debts. There seems to be no other reason why there should continue to be a receiver of the George C. Treadwell Company. If the corporation is insolvent and unable to meet its obligations it should make the application for a voluntary dissolution under the provisions of the statute.

We think the papers before us clearly show, assuming that the appointment of the receiver in this action was originally authorized, that the continuance of the receivership is unnecessary and improper. However much we might desire to, under the peculiar circumstances of this case, we cannot properly make use of such

receivership for the purpose of giving time to the corporation to meet its obligations. It follows that the petitioners who have obtained judgment against the corporation should not be delayed in the collection thereof by an unnecessary receivership which should not continue.

For reasons unnecessary to state, we also think that the prayer of the petitioners should have been granted, although it had not been made to appear at that time that the two malfeasant directors had been removed. (See *Webster* v. *Lawrence*, 47 Hun, 565.)

The order should be reversed, with costs, and the motion granted, without costs, permitting the sheriff to proceed and sell the corporate property.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Order reversed, with ten dollars costs and printing and other disbursements.