HYMON BLOOM, Suing in His Own Behalf, et al., Appellants, *v.* THE NATIONAL UNITED BENEFIT SAVINGS AND LOAN COMPANY, WILLIAM H. TRACY, MARTIN BEIR, PETER SHERIDAN et al., Respondents.

1. APPEAL — JUDGMENT OF REVERSAL BY GENERAL TERM. A judgment of reversal by the General Term holding that a finding of negligence by a referee or court, without a jury, is not justified by the evidence, will not be interfered with by the Court of Appeals, when it can fairly be said that the finding was against the weight of evidence, or that the proof so clearly preponderates in favor of a contrary result that it can be said with reasonable certainty that the conclusions of the trial court were erroneous.

2. CORPORATIONS — NEGLIGENCE OF DIRECTORS — DAMAGES. The damages which can be recovered from directors of a corporation in an action against them by shareholders for negligence in its management cannot include disbursements from its treasury, to defray the expenses of its new business not yet established.

3. DIRECTORS — RELATION OF TRUST. Relations of trust and fidelity exist between a corporation and its directors, but not between the latter and the stockholders.

4. DIRECTORS — EXTENT OF LIABILITY. The liability of directors of a corporation on the ground of negligence extends only to the damages sustained by the corporation as the natural and proximate result of their acts or omissions, and they cannot be held liable in an action by stockholders for that which represents no element of damage to the corporation, and which could not have been recovered by the corporation had the action been brought in that form.

5. DAMAGES — ANTICIPATED LIABILITY OF STOCKHOLDERS. An anticipated statutory liability as members of a corporation, that has not matured in any judgment, and may never mature, cannot be included in the damages recoverable from directors of a corporation for negligence.

*Bloom* v. *Nat. United Benefit S. Co.*, 81 Hun, 120, affirmed.

(Argued February 11, 1897 ; decided March 2, 1897.)

APPEAL from an order of the General Term of the Supreme Court in the fifth judicial department, entered December 4, 1894, which reversed a judgment in favor of plaintiffs entered upon the report of a referee and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John B. M. Stephens* for appellants.   The directors repre- sented, when they assumed office, that they possessed ordinary knowledge and skill, and that they would use ordinary care and prudence in the matters committed to them. (*Hun* v. *Cary*, 82 N. Y. 65 ; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52 ; 99 N. Y. 185; 105 N. Y. 567; *Ouderkirk* v. *C. N. Bank*, 119 N. Y. 263; *H. S. M. Co.* v. *Ryan*, 28 Am. & Eng. Corp. Cas. 657; *Briggs* v. *Spaulding*, 141 U. S. 132; Morawetz on Priv. Corp. §§ 554, 556.)   The defendant directors are charge- able for the losses incurred in the management of their trust. ( *Williams* v. *McKay*, 40 N. J. Eq. 189 ; *Ludekens* v. *Pscher- hofer*, 76 Hun, 548; L. 1851, ch. 122, § 5.)   The exceptions taken by defendants to the introduction of evidence of a group of facts, some one of which is admissible, are unavailing, and the joint exceptions taken by defendants to the findings of fact or conclusions of law which are not erroneous as to one defendant are unavailing.   (*Murray* v. *Usher*, 117 N. Y. 542 ; *Schoonmaker* v. *Bonnie*, 119 N. Y. 565 ; *Bosley* v. *N. M. Co.*, 123 N. Y. 550.)   The form of the judgment authorized by the report of the referee was right.   (*Prouty* v. *M. S. R. R. Co.*, 1 Hun, 655 ; *Claflin* v. *Gordon*, 39 Hun, 54 ; *Mun- dorff* v. *Mundorff*, 1 Hun, 41 ; *Pfohl* v. *Simpson*, 74 N. Y. 137 ; *McHose* v. *Wheeler*, 45 Penn. St. 32.)   To justify the reversal by the General Term it must appear that the findings of the referee were against the weight of the evidence, or that the proofs so clearly preponderated in favor of a contrary result that it can be said with reasonable certainty that he erred in his conclusions.   (*Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Aldridge* v. *Aldridge*, 120 N. Y. 614.)   The order of reference to Hon. James C. Smith to hear and determine was

not reviewable on the appeal to the General Term from the final judgment, but the appeal should have been taken within the time allowed for appeals from orders. (Code Civ. Pro. §§ 1316, 1351; *McCall* v. *Moschowitz,* 1 N. Y. S. R. 99; *U. C. S. Inst.* v. *F. Nat. Bank,* 28 N. Y. S. R. 24; *Elliott* v. *Lewis,* 16 Hun, 581; *Van Marter* v. *Hotchkiss,* 4 Abb. Ct. App. Dec. 484.) The General Term had no jurisdiction to review the interlocutory judgment, intermediate orders or final judgment. (*Bloom* v. *N. U. B. S. & L. Co.,* 78 Hun, 553; Code Civ. Pro. § 1294; *Flake* v. *Van Wagenen,* 54 N. Y. 25; *Innes* v. *Purcell,* 58 N. Y. 388; *Platt* v. *Platt,* 105 N. Y. 488; *Kane* v. *Whittick,* 8 Wend. 219.)

*John H. Hopkins* for respondent Beir. The defendants were held liable in this case as if they had been insurers. They were held to a much stricter accountability than is warranted by law. (*Arthur* v. *Griswold,* 55 N. Y. 400; *Hun* v. *Cary,* 82 N. Y. 65; *Purdy* v. *Lynch,* 145 N. Y. 462; *Briggs* v. *Spaulding,* 141 U. S. 132; *Spring's Appeal,* 71 Penn. St. 11; *Vance* v. *Phœnix Ins. Co.,* 4 Lea [Tenn.], 385; Morawetz on Priv. Corp. [2d ed.] § 561; 17 Am. & Eng. Ency. of Law, 119.) Even if the defendants' negligence had been established, the amount for which they were held liable was utterly unwarranted. The plaintiff must not only establish the fact of a loss, but must prove the amount of the loss and show that the loss, so proved, occurred in consequence of defendants' negligence. (*Briggs* v. *Spaulding,* 141 U. S. 132.) Even had the evidence established negligence on the part of the defendants, in consequence of which the company had sustained a loss which the defendants were bound to make good, the judgment should not have provided for a personal recovery by the plaintiff and the other shareholders of the amounts which they had paid. (*Thompson* v. *Stanley,* 20 N. Y. Supp. 317; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52; *Conway* v. *Halsey,* 44 N. J. L. 462; *Chester* v. *Halliard,* 36 N. J. Eq. 313.) When the Appellate Division reverses upon the facts, there is no constitutional inhibition forbidding the Court

of Appeals to look into the record to see whether there is any evidence to sustain the decision, and a question of law arises as to whether there was any evidence to support the view of that court. If it appears that there was any material and controverted question of fact, the decision thereof by the Appellate Division is final. (*Otten* v. *M. R. Co.*, 150 N. Y. 395, 401.) The bond of Charles Pscherhofer, the treasurer, for $5,000, with a perfectly responsible surety, has been sued by the receiver and that suit is still pending. The presumption is that the bond is good, and that a recovery can be had upon it, which will save every dollar to the creditors and shareholders. (*Hackley* v. *Draper*, 4 T. & C. 614 ; 60 N. Y. 88 ; *Walrod* v. *Ball*, 9 Barb. 271 ; *Potter* v. *Merchants' Bank of A.*, 28 N. Y. 642.) The presumption is that a trustee has performed his duty in the application of trust funds. (*Matter of Mason*, 4 Edw. 418, 422, 423.) There were numerous errors, prejudicial to defendants, in the admission and exclusion of evidence. (Abb. Trial Brief, 48, 49, 51, 52 ; 1 Greenl. on Ev. [14th ed.] §§ 100, 101 ; *People* v. *Dowling*, 84 N. Y. 478 ; *Wakeman* v. *Dalley*, 44 Barb. 498 ; *Rudd* v. *Robinson*, 126 N. Y. 113.)

*Henry J. Sullivan* for respondents Tracy and Sheridan. The complaint did not state, nor did the evidence prove, a cause of action, for the reason that it did not, anywhere, state or prove that an application had been made before the beginning of the action to the receiver, Mr. Emil Ludekins, to begin such action and he had refused to do so. (*Greaves* v. *Gouge*, 69 N. Y. 154–157 ; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, 61.) It having appeared at the time of the trial before Mr. Justice Adams in April, 1892, that Mr. Emil Ludekins had been previously appointed receiver of the company, the court had no right to determine the action until he had been brought in as a party defendant. (Code Civ. Pro. § 452 ; *Greaves* v. *Gouge*, 69 N. Y. 154 ; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52.) The order referring the case to Justice Smith, to hear and determine on such further proof as he

might, in his discretion, admit and upon the stenographer's minutes of the evidence taken on the trial before Mr. Justice ADAMS, was without jurisdiction and void. (Code Civ. Pro. § 1316 ; *Kamp* v. *Kamp*, 59 N. Y. 212; *Quincey* v. *Young*, 53 N. Y. 504; *Doyle* v. *M. E. R. Co.*, 136 N. Y. 505 ; *Jones* v. *Jones*, 108 N. Y. 425 ; *Dewey* v. *Green*, 4 Den. 94.) The defendants must be presumed to be innocent of the charges made against them, and the burden of proving the contrary was upon the plaintiff at any and all times. (*Blatz* v. *Rohrbach*, 116 N. Y. 450, 453; *In re Mason*, 4 Edw. Ch. 418; *Arthur* v. *Griswold*, 55 N. Y. 400.)

O'BRIEN, J. We think that the judgment in this case was properly reversed by the court below.

Without dealing with all the questions so fully covered by the opinion in the Supreme Court, it will be sufficient to refer to one or two features of the action, after stating the theory of the plaintiff's case, and the nature of the claims that were sanctioned by the judgment of the trial court.

The plaintiff, as a shareholder of the defendant company, brought the action in his own behalf, and in behalf and for the benefit of all other shareholders who might elect to join with him in the action, to recover the loss and damage sustained by them in consequence of the negligence of the directors of the company, who were made the principal defendants, and who alone answered the complaint. The substance of the charge against the directors and individual defendants is that they so managed the affairs of the corporation that the shares of stock were lost or became worthless, and debts were contracted, for which the shareholders are personally liable. The company was in business only about one month from the time of its organization to the time when it was found to be financially wrecked. The business was transacted by three persons who are not parties to this action, but who were officers of the company, that is, president, secretary and treasurer, respectively. Whatever of fraud, dishonesty or mismanagement with respect to the affairs of the company that appears in the record, result-

ing in loss to any one, is directly chargeable to those officers or to some one of them. The complaint against the directors is that they did not exercise proper care and vigilance in the discharge of their trust, in that they failed to detect the wrongdoings of the officers, or to remove them as they had the power to do when they either knew, or ought to have known, the facts in regard to their official acts and conduct.

During the progress of the cause several of the other shareholders joined with the plaintiff in the prosecution of the action, and the judgment provides for relief by way of damages to all of them. There is no proof and no charge of any personal dishonesty against any of the directors, and the negligence found consisted entirely in acts of omission, that is, in failing to remove the delinquent officers or in want of proper diligence in ascertaining their unfitness for the positions before they were appointed.

The court below was of the opinion that the evidence before the learned referee did not justify the finding of negligence, and when we consider that the burden of proof on this issue was with the plaintiff, that the business operations of the company extended over a period of but one month, and the other facts and circumstances disclosed by the record, we are inclined to agree with this conclusion. The facts found by the court, without a jury, or by a referee, are open to review in the General Term, and this court will not interfere with its judgment of reversal when it can fairly be said that the findings were against the weight of evidence or that the proof so clearly preponderates in favor of a contrary result that it can be said, with reasonable certainty, that the conclusions of the trial court upon the evidence were erroneous. (*Baird* v. *Mayor, etc.,* 96 N. Y. 567; *Aldridge* v. *Aldridge,* 120 N. Y. 614; *Devlin* v. *Greenwich Savings Bank,* 125 N. Y. 756; *Barnard* v. *Gantz,* 140 N. Y. 249.)

Passing over all questions as to the form of the action and the procedure and all questions as to the right of the shareholders to recover judgments payable directly to themselves, instead of to the corporation or to the receiver appointed for

their benefit, we think that the measure of damages awarded by the trial court to the plaintiff was not proper nor warranted by any proof or findings in the case. The directors were, by the judgment, held liable to the shareholders for all the money they had invested in the concern and which was represented by the stock. They were also held liable for all the debts upon the theory that the shareholders were, by law, personally liable for such debts, and this contingent liability was computed as part of the damages. It was not claimed that the shareholders had, in fact, paid any of the corporate debts or had been made liable to pay by any suit or judgment, and it was impossible to say that they ever would pay. Moreover, it was undisputed that a portion of the money paid in by the shareholders was disbursed for the ordinary and legitimate expenses of the business, such as office rent, clerk hire, salaries and the like, besides some other items amounting to a considerable sum, for which the directors could not, upon any fair theory, be made liable.

It is not at all likely that under the most prudent management the business of one month could be conducted without some loss. It was a new concern without any business and without the necessary machinery for commencing business. The liability of shareholders for corporate debts is founded upon the statute, and their own voluntary act in becoming members of the corporation by purchase of stock, and to attribute this contingent liability to the acts or omissions of the directors in the management of the business was a remote conclusion not warranted by any feature of the case. The money disbursed from the treasury to defray the expenses of a new business not yet established could not in any view of the case be held to be an element of loss or damage to the shareholders, and much less could such a loss be attributed to the negligence of the directors.

The relations of trust and fidelity existed between the corporation and the directors, and not between the latter and the shareholders, and they could be held liable on the ground of negligence only for such damages sustained by the corpora-

tion as were the natural and proximate result of their acts or omissions. It is obvious that in this case the directors have been held liable for moneys that represented no element of damage whatever to the corporation, and which could not be recovered by the corporation had the action been brought in that form. The defendants have not only been practically treated as insurers and the shareholders relieved from all risks of the business in which they had invested their money, but they were permitted to recover in anticipation of some statutory liability as members of the corporation that had not matured in any judgment and may never mature. They were thus subjected to a measure of liability without precedent, and that cannot, under any possible view of the case, be sustained or defended.

We have recently held that, in actions of this character, the liability is not in equity but at law. That question has not been raised on this appeal, and since the judgment was properly reversed on other grounds, it is not necessary to refer to the point now. There are some other questions in the case; but, since they have all been considered in the court below and properly disposed of, any further discussion of them is unnecessary.

The order should be affirmed, with costs, and judgment absolute ordered for the defendants.

All concur, except HAIGHT, J., not sitting.

Ordered accordingly.