MILLER v. BARLOW et al.

(Supreme Court, Appellate Division, First Department. January 16, 1903.)

1. CORPORATIONS—GENERAL CREDITORS.

A third party agreed to advance $25,000 to a corporation on the understanding that it should be held as a trust fund, to be used only for the purchase of silver and cattle. It was provided that the money should be deposited with a trust company subject to such use by the corporation, and that the third party was to receive $2 rebate on each head of cattle received until the full sum of the deposit should be repaid. *Held*, that the third party had no control over the $25,000, except as a general creditor of the corporation.

2. SAME—ACTION AGAINST OFFICERS FOR ACCOUNTING—NECESSARY PARTIES.

In an action brought by a director of a corporation against its officers and other directors to procure an accounting, a general creditor of the corporation is not a necessary party, within the meaning of Code Civ. Proc. § 447, which provides that any person may be made a defendant "who is a necessary party defendant for the complete determination or settlement of a question involved therein," or section 448, which declares that "of the parties to the action those who are united in interest must be joined as plaintiffs or defendants," etc.

3. SAME—RIGHT OF DIRECTOR TO BRING ACTION.

Under the express provisions of Code Civ. Proc. § 1782, a director of a corporation is authorized to bring an action against its officers and other directors for an accounting.

4. SAME—SEVERAL RIGHT OF ACTION.

Code Civ. Proc. § 1782, which provides that an action for an accounting may be brought against the officers of a corporation, "by a creditor of the corporation, or by a trustee, director, manager, or other officer," etc., does not require a director suing for an accounting to join the other persons named in the section as parties.

5. SAME—JOINING CORPORATION AS PARTY PLAINTIFF—NECESSITY.

It was not necessary, in an action brought by a director of a corporation against its officers and the other directors to procure an accounting and a receiver, that the corporation should be joined as a party plaintiff, but it is properly made a defendant thereto.

6. SAME—DEMAND ON CORPORATION TO BRING ACTION—NECESSITY.

The complaint in an action by a director of a corporation against its officers and the other directors to procure an accounting *held* to sufficiently show that a demand on the corporation to bring the action would have been futile.

Appeal from special term, New York county.

Action by Theodore S. Miller, as a director of the Hondur-American Cattle, Agricultural & Colonization Company, against Peter T. Barlow and others. From an interlocutory judgment overruling a demurrer to the complaint, with costs, with leave to answer over on payment of costs, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Pratt A. Brown, for appellants.

F. P. Ufford, for respondent.

HATCH, J. This action is brought by the plaintiff, as a director of the Hondur-American Cattle, Agricultural & Colonization Company, a foreign corporation, duly incorporated under the laws of West Virginia, and doing business in the state of New York, to compel the officers of that company to account for moneys which they have received for the benefit of the company, and wrongfully used for their private purposes. The complaint avers the incorporation of the company; that the defendants are directors and officers of the same; that the plaintiff is a director; that in December, 1898, the firm of J. F. Berndes & Co. entered into an agreement in writing with said company, which said agreement is attached to the complaint, and made a part thereof, in and by which, among other things, the said firm agreed to advance the sum of $25,000 upon the understanding that the same should be held as a special or trust fund, to be used only for the purpose of purchasing silver and cattle, pursuant to the terms of the agreement. It was further provided therein that the said sum of $25,000 should be deposited in the North American Trust Company of New York, subject to use by the corporation in the purchase of silver and cattle, and that J. F. Berndes & Co. should receive the sum of $2 rebate on each head of cattle received until the full sum of such deposit should have been paid. The complaint further avers that on or about December 15, 1898, the said firm paid to the corporation such sum of money, pursuant to the agreement; that the defendants well knew and understood the purpose for which such money was received by the corporation, and the limited authority to make disposition of the same; that the said defendants, while directors of the corporation, and with intent to defraud said company, its creditors and stockholders, in violation of said agreement and their duty as such directors, paid out to certain defendants named, in violation of the contract, from said fund, large sums of money for services and disbursements, and also used large sums of such money for the purchase of silver, for which they have never accounted to the corporation, and for which neither it, nor any person or persons in its behalf, have received any consideration whatever; and with like purpose and intent the defendants have acquired and appropriated to themselves and transferred to various other persons, and lost and wasted the property and other large sums of money belonging to the corporation, in violation of their duties as directors. The complaint further avers that by an act of the legislature of the state of West Virginia, within which state the corporation

was formed, it was provided that a board of directors of every corporation organized under the laws of such state, and having a joint stock or capital divided into shares, owned by the stockholders respectively, should appoint such officers and agents of the corporation as they should deem proper, and prescribe their duties and compensation, but that there should be no compensation paid for services rendered by the president or any director, unless it should be allowed by the stockholders of the corporation; that said corporation has, and ever since its organization has had, a joint stock or capital divided into shares, owned by the stockholders respectively; that the stockholders of said company have never allowed or approved, nor in any manner authorized, the payment of the sums disposed of for salaries or compensation, as stated in the complaint; that no part of said sum of $25,000 has been returned to the said firm of J. F. Berndes & Co., or to any person or persons for them, or on their behalf; nor has said agreement, or any part thereof, been performed, nor any cattle delivered to said firm, by said corporation, nor by any person or persons in its behalf. The complaint prayed judgment that the defendant directors be individually compelled to account for their official conduct in the management and disposition of the property of the corporation; that said defendants be individually compelled to pay to the said corporation, or to a receiver thereof, the sum that may be found to be due from the said defendants upon such accounting; also the value of any property which the said defendants have acquired to themselves, or transferred to others, or lost or wasted, by a violation of their duties as such directors and officers or otherwise, including the said sum of $25,000, as aforesaid; that a permanent receiver of the property of the said corporation be appointed, with the usual power of receivers in like cases, and pending the action a temporary receiver be appointed, and for such other relief as may be just. The defendants Peter L. Barlow and Charles H. Sherrill appeared in the action, and demurred to the amended complaint upon the grounds: First, that upon the face of the pleading there is a defect of parties plaintiff; second, that there is a defect of parties defendant; third, that causes of action have been improperly united. From the interlocutory judgment overruling the demurrer, the defendants appeal to this court.

Upon this appeal the said defendants rely in reversal of the judgment upon the first two grounds of demurrer. The third is not referred to in the brief of the appellants, nor otherwise argued. The first particular defect which they claim is disclosed upon the face of the amended complaint is that the members of the firm of J. F. Berndes & Co. are parties in interest, and should have been made either parties plaintiff in the action, or, upon their refusal to join therein, parties defendant, and the reason therefor shown by proper averments of the complaint. An inspection of the pleading discloses that the firm of J. F. Berndes & Co. is not interested in this action, except as a general creditor, entitled to be paid out of the assets of the corporation. It is not the owner of the $25,000 which it paid to the corporation, for by virtue of the terms of the agreement title to that money passed to it. It was to be used by the latter in the

purchase of silver and cattle, and Berndes & Co. were to be repaid such sum by a rebate of $2 per head upon the purchase price of the cattle delivered by the corporation to them. It is evident, therefore, that when the money was delivered it was to be used by the corporation for such purpose at its discretion, and in this respect it passed beyond the control of Berndes & Co. The latter became, therefore, a mere general creditor, and while, undoubtedly, it could have compelled the particular disposition of the fund for the purpose for which it contracted, it had no other control over it. The action is brought by the plaintiff as a director, and in such relation he occupies the position of a trustee for the creditors. The purpose of the action is to procure an accounting of the acts of the defendant directors, and the recovery from them of the moneys which they have wasted and misappropriated for the benefit of the corporation and the protection of its creditors. Such an action does not make the creditor a necessary party to the complete determination of every issue presented by the complaint. On the contrary, all the rights of the plaintiff, the corporation, and the defendant directors can be determined without the presence of any creditor; consequently Berndes & Co. is not a necessary party, within the meaning of sections 447 and 448 of the Code of Civil Procedure. Being a general creditor, such firm could not maintain an action for this purpose under the provisions of the Revised Statutes, as only judgment creditors would be authorized to maintain such an action. Belknap v. Insurance Co., 11 Hun, 283; Cole v. Insurance Co., 23 Hun, 255.

The Code has not changed this rule, unless it be by the provisions of section 1782. It is not necessary now to determine whether, by virtue of the provisions of this section, a general creditor is embraced therein. It is sufficient to say that such creditor is not a necessary party to the determination of this action, and is not, therefore, brought within the code provisions requiring him to be made a party. By virtue of the provisions of section 1782, a director is authorized, in terms, to maintain such an action as is hereby sought to be maintained. The cause of action given to the respective officers and persons named in such section is not joint, but several, and may be maintained by each as a party without joining the other parties named. Halpin v. Brewing Co., 20 App. Div. 583, 47 N. Y. Supp. 412; Gildersleeve v. Lester, 68 Hun, 532, 22 N. Y. Supp. 1026, affirmed on appeal on opinion below, 139 N. Y. 608, 35 N. E. 203; Halpin v. Brewing Co., 91 Hun, 220, 36 N. Y. Supp. 151. The director bringing the action stands in relation to the creditor as a trustee prosecuting the action for the benefit of others entitled to share in the assets of the corporation. It is true that he has not the legal title to the property sought to be recovered, nor does he claim title to the money or property. That is vested in the corporation, and the judgment which is asked preserves the property to it and its creditors. But in relation to all persons interested the plaintiff stands in the position of a trustee, and where such relation exists the cestui que trust is never a necessary party, as his rights are all protected in the representative character of the plaintiff. In re Straut, 126 N. Y. 201, 27

N. E. 259. It is plain, therefore, that this ground of demurrer was properly overruled.

Nor was it essential that the corporation should have been made a party plaintiff in the action. In a sense, the corporation is a party in default, and guilty of dereliction of duty, as it is represented by and acts through its directors and officers. The judgment asks for the appointment of a receiver of its property. It was, therefore, properly made a party defendant. In an action by a stockholder the rule is different. As the right of action primarily belongs to the corporation, as between it and its stockholders, to recover for losses occasioned by the negligence or wrongful acts of its officers and directors, the shareholder in the first instance is required to demand that it bring an action to remedy the wrong, and must aver as an essential element of his cause of action that the corporation has been applied to and has refused to bring the action, or he must aver facts from which the court can see that the demand upon the corporation would be fruitless of results, in order to have standing to maintain the action. Flynn v. Railroad Co., 9 App. Div. 269, 41 N. Y. Supp. 566, affirmed on appeal 158 N. Y. 493, 53 N. E. 520; Pondir v. Railroad Co., 72 Hun, 384, 25 N. Y. Supp. 560. The statute does not confer right upon the stockholder to bring action as such. His right to maintain such an action arises out of his interest in having the corporate property preserved; and the practical purpose of such an action is the restoration, for the benefit of all concerned, of the corporate funds or property wasted or lost by the wrongful acts of the directors. Bloom v. Loan Co., 81 Hun, 120, 30 N. Y. Supp. 700, affirmed on appeal 152 N. Y. 114, 46 N. E. 166. This rule, however, has no application where a director, as such, brings an action for the same purpose. Express authority is vested in such director to maintain such ꝑtion by the provisions of the Code, and no obligation is imposed to make a demand upon the corporation, or set forth facts showing the futility of such demand, but in each case the corporation is a necessary party defendant, within the authorities last cited; and necessarily so, as its presence is required in order that its rights and interests may be protected, and that it may be bound by the judgment rendered. The litigation necessarily affects its interests, and complete relief could not be granted in its absence. If, however, it was necessary to make a demand, or show its futility, the facts averred in the complaint would show compliance with the rule, as it is evident that a demand upon the corporation to bring the action would have been barren of results. It follows, therefore, that the plaintiff, as a director, has standing to maintain this action; that the corporation was a necessary and proper party to the complete disposition of the questions involved; and that the firm of J. F. Berndes & Co. is not a necessary party, either as plaintiff or defendant.

For these reasons, the interlocutory judgment should be affirmed, with costs, with leave to the defendants who have appeared to withdraw demurrer and answer within 20 days on payment of costs in this court and in the court below. All concur.