that the plaintiff was not entitled to recover, the admission of this evidence was not reversible error.

It follows that the judgment should be affirmed, with costs.

Ingraham, J., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.

---

Theodore S. Miller, as a Director of Hondur-American Cattle, Agricultural and Colonization Company, Respondent, v. Peter T. Barlow and Charles H. Sherrill, Appellants, Impleaded with Others.

*Corporation — action by a director to compel his codirectors to account for money paid to the corporation to be used for a specific purpose — the person paying the money is not a necessary party — the corporation is not a necessary party plaintiff, but where a receiver of its property is asked for, it should be made a party defendant — a request to the corporation to sue is unnecessary.*

Where a firm transfers a fund to a corporation upon the understanding that it shall be used by the corporation only for the purpose of purchasing silver and cattle, and that the firm shall be repaid by a rebate of two dollars per head upon the purchase price of cattle delivered by the corporation to the firm, the firm is a mere general creditor of the corporation and, in the event of the funds being misappropriated by some of the officers and directors of the corporation, it is not a necessary party to an action brought by one of the other directors of the corporation, under the provisions of section 1782 of the Code of Civil Procedure, to compel the delinquent officers and directors to account for the fund thus misappropriated and to procure the appointment of a permanent receiver of the property of the corporation.

In such a case the plaintiff director stands in the position of a trustee with respect to the creditors of the corporation and need not make such creditors parties nor any of the other persons who would have been entitled to maintain the action under the provisions of section 1782 of the Code of Civil Procedure.

It is not essential that the corporation be made a party plaintiff, but, inasmuch as the appointment of a receiver of its property is sought, it is a necessary and proper party defendant thereto.

*Semble,* that the plaintiff was not obliged to request the corporation to institute the action before bringing it himself or to set forth in his complaint facts showing the futility of such a demand.

Appeal by the defendants, Peter T. Barlow and another, from an interlocutory judgment of the Supreme Court in favor of the

plaintiff, entered in the office of the clerk of the county of New York on the 7th day of August, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, over-ruling the said defendants' demurrer to the amended complaint.

*Pratt A. Brown,* for the appellants.

*F. P. Ufford,* for the respondent.

HATCH, J.:

This action is brought by the plaintiff as a director of the Hondur-American Cattle, Agricultural and Colonization Company, a foreign corporation, duly incorporated under the laws of West Virginia and doing business in the State of New York, to compel the officers of that company to account for moneys which they have received for the benefit of the company and wrongfully used for their private purposes. The complaint avers the incorporation of the company; that the defendants are directors and officers of the same; that the plaintiff is a director; that in December, 1898, the firm of J. F. Berndes & Co. entered into an agreement in writing with said company, which said agreement is attached to the complaint and made a part thereof, in and by which, among other things, the said firm agreed to advance the sum of $25,000 upon the understanding that the same should be held as a special or trust fund, to be used only for the purpose of purchasing silver and cattle, pursuant to the terms of the agreement. It was further provided therein that the said sum of $25,000 should be deposited in the North American Trust Company of New York, subject to use by the corporation in the purchase of silver and cattle, and that J. F. Berndes & Co. should receive the sum of $2 rebate on each head of cattle received until the full sum of such deposit should have been paid. The complaint further avers that on or about December 15, 1898, the said firm paid to the corporation such sum of money, pursuant to the agreement; that the defendants well knew and understood the purpose for which such money was received by the corporation, and the limited authority to make disposition of the same; that the said defendants while directors of the corporation, and with intent to defraud said company, its creditors and stockholders, in violation of said agreement and their duty as such

directors, paid out to certain defendants named, in violation of the contract, from said fund large sums of money for services and disbursements, and also used large sums of such money for the purchase of silver, for which they have never accounted to the corporation and for which neither it nor any person or persons in its behalf have received any consideration whatever, and with like purpose and intent the defendants have acquired and appropriated to themselves and transferred to various other persons, and lost and wasted the property and other large sums of money belonging to the corporation in violation of their duties as directors. The complaint further avers that by an act of the Legislature of the State of West Virginia, within which State the corporation was formed, it was provided that a board of directors of every corporation organized under the laws of such State, and having a joint stock or capital divided into shares, owned by the stockholders respectively, should appoint such officers and agents of the corporation as they should deem proper, and prescribe their duties and compensation, but that there should be no compensation paid for services rendered by the president or any director, unless it should be allowed by the stockholders of the corporation; that said corporation has, and ever since its organization has had, a joint stock or capital divided into shares, owned by the stockholders respectively; that the stockholders of said company have never allowed or approved nor in any manner authorized the payment of the sums disposed of for salaries or compensation as stated in the complaint; that no part of said sum of $25,000 has been returned to the said firm of J. F. Berndes & Co., or to any person or persons for them or on their behalf, nor has said agreement, or any part thereof, been performed nor any cattle delivered to said firm by said corporation, nor by any person or persons in its behalf. The complaint prayed judgment that the defendant directors be individually compelled to account for their official conduct in the management and disposition of the property of the corporation; that said defendants be individually compelled to pay to the said corporation, or to a receiver thereof, the sum that may be found to be due from the said defendants upon such accounting; also the value of any property which the said defendants have acquired to themselves or transferred to others, or lost or wasted by a violation of their duties as such directors and officers, or other-

wise, including the said sum of $25,000 as aforesaid; that a permanent receiver of the property of the said corporation be appointed with the usual power of receivers in like cases, and pending the action a temporary receiver be appointed, and for such other relief as may be just.

The defendants, Peter F. Barlow and Charles H. Sherrill, appeared in the action and demurred to the amended complaint upon the grounds, *first,* that upon the face of the pleadings there is a defect of parties plaintiff; *second,* that there is a defect of parties defendant; *third,* that causes of action have been improperly united. From the interlocutory judgment overruling the demurrer the plaintiff appeals to this court.

Upon this appeal, the said defendants rely, in reversal of the judgment, upon the first two grounds of demurrer; the third is not referred to in the brief of the appellants nor otherwise argued. The first particular defect, which they claim is disclosed upon the face of the amended complaint, is that the members of the firm of J. F. Berndes & Co. are parties in interest and should have been made either parties plaintiff in the action, or, upon their refusal to join therein, parties defendant, and the reason therefor shown by proper averments of the complaint.

An inspection of the pleading discloses that the firm of J. F. Berndes & Co. is not interested in this action, except as a general creditor, entitled to be paid out of the assets of the corporation. It is not the owner of the $25,000 which it paid to the corporation, for by virtue of the terms of the agreement title to that money passed to it. It was to be used by the latter in the purchase of silver and cattle, and Berndes & Co. were to be repaid such sum by a rebate of $2 per head upon the purchase price of the cattle delivered by the corporation to them. It is evident, therefore, that when the money was delivered, it was to be used by the corporation for such purpose at its discretion; and in this respect it passed beyond the control of Berndes & Co. The latter became, therefore, a mere general creditor, and while undoubtedly it could have compelled the particular disposition of the fund for the purpose for which it contracted, it had no other control over it. The action is brought by the plaintiff as a director, and in such relation he occupies the position of a trustee for the creditors. The purpose of the action is to procure

an accounting of the acts of the defendant directors and the recovery from them of the moneys which they have wasted and misappropriated, for the benefit of the corporation and the protection of its creditors. Such an action does not make the creditor a necessary party to the complete determination of every issue presented by the complaint. On the contrary, all the rights of the plaintiff, the corporation and the defendant directors can be determined without the presence of any creditor; consequently Berndes & Co. is not a necessary party, within the meaning of sections 447 and 448 of the Code of Civil Procedure. Being a general creditor, such firm could not maintain an action for this purpose, under the provisions of the Revised Statutes, as only judgment creditors would be authorized to maintain such an action. (*Belknap* v. *North America Life Ins. Co.*, 11 Hun, 282; *Cole* v. *Knickerbocker Life Ins. Co.*, 23 id. 255.)

The Code has not changed this rule, unless it be by the provisions of section 1782. It is not necessary now to determine whether, by virtue of the provisions of this section, a general creditor is embraced therein. It is sufficient to say that such creditor is not a necessary party to the determination of this action, and is not, therefore, brought within the Code provisions requiring him to be made a party. By virtue of the provisions of section 1782, a director is authorized in terms to maintain such an action as is hereby sought to be maintained. The cause of action given to the respective officers and persons named in such section is not joint, but several, and may be maintained by each as a party without joining the other parties named. (*Halpin* v. *Mutual Brewing Co.*, 91 Hun, 220; 20 App. Div. 583; *Gildersleeve* v. *Lester*, 68 Hun, 532; affd. on appeal on opinion below, 139 N. Y. 608.) The director bringing the action stands in relation to the creditor as a trustee prosecuting the action for the benefit of others entitled to share in the assets of the corporation. It is true that he has not the legal title to the property sought to be recovered, nor does he claim title to the money or property. That is vested in the corporation, and the judgment which is asked preserves the property to it and its creditors. But in relation to all persons interested, the plaintiff stands in the position of a trustee, and where such relation exists the *cestui que trust* is never a necessary party, as his rights are all protected in the

representative character of the plaintiff. (*Matter of Estate of Straut*, 126 N. Y. 201.) It is plain, therefore, that this ground of demurrer was properly overruled.

Nor was it essential that the corporation should have been made a party plaintiff in the action. In a sense the corporation is a party in default and guilty of dereliction of duty, as it is represented by and acts through its directors and officers. The judgment asks for the appointment of a receiver of its property. It was, therefore, properly made a party defendant. In an action by a stockholder the rule is different. As the right of action primarily belongs to the corporation, as between it and its stockholders, to recover for losses occasioned by the negligence or wrongful acts of its officers and directors, the shareholder in the first instance is required to demand that it bring an action to remedy the wrong, and must aver as an essential element of his cause of action that the corporation has been applied to and has refused to bring the action, or he must aver facts from which the court can see that the demand upon the corporation would be fruitless of results in order to have standing to maintain the action. (*Flynn* v. *Brooklyn City R. R. Co.*, 9 App. Div. 269; affd. on appeal, 158 N. Y. 493; *Pondir* v. *N. Y., L. E. & W. R. R. Co.*, 72 Hun, 384.) The statute does not confer a right upon the stockholder to bring an action as such. His right to maintain such an action arises out of his interest in having the corporate property preserved, and the practical purpose of such an action is the restoration for the benefit of all concerned of the corporate funds or property wasted or lost by the wrongful acts of the directors. (*Bloom* v. *Nat. United Benefit Savings Co.*, 81 Hun, 120; affd. on appeal, *sub. nom. Bloom* v. *Nat. Sav. & Loan Co.*, 152 N. Y. 114.) This rule, however, has no application where a director, as such, brings an action for the same purpose. Express authority is vested in such director to maintain such action by the provisions of the Code, and no obligation is imposed to make a demand upon the corporation, or set forth facts showing the futility of such demand, but in each case the corporation is a necessary party defendant within the authorities last cited, and necessarily so, as its presence is required in order that its rights and interests may be protected and that it may be bound by the judgment rendered. The litigation necessarily affects its interests, and complete relief

could not be granted in its absence. If, however, it was necessary to make a demand, or show its futility, the facts averred in the complaint would show compliance with the rule, as it is evident that a demand upon the corporation to bring the action would have been barren of results.

It follows, therefore, that the plaintiff as a director has standing to maintain this action; that the corporation was a necessary and proper party to the complete disposition of the questions involved, and that the firm of J. F. Berndes & Co. is not a necessary party either as plaintiff or defendant.

For these reasons the interlocutory judgment should be affirmed, with costs, with leave to the defendants who have appeared to withdraw demurrer and answer within twenty days on payment of costs in this court and in the court below.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Judgment affirmed, with costs, with leave to defendants who have appeared to withdraw demurrer and answer within twenty days on payment of costs in this court and in the court below.