which inquiry has not been exhausted, namely, whether William Mitchell is alive, and upon that ground the learned surrogate was right in refusing to allow the money to be turned over to James Mitchell. In response to the advertisements and letters of the attorney, we have answers purporting to be from a man who claims he is William Mitchell, to whom the money belongs, which answers were sent from San Francisco, Cal. The attorney replied requesting further means of identification, but beyond this nothing was done. We think it was incumbent upon the one seeking to obtain the money to push the inquiry to San Francisco, where the response came from, and to ascertain at the address therein given more about the identity of the person who wrote the letter. This could be done either by sending to some one there a letter of instructions, who could return the necessary proof as to whether such person was the real William Mitchell or one who attempted to palm himself off as such; or an order could be obtained from the Surrogate's Court to show cause why the money should not be paid out to James Mitchell as next of kin, and such order could be served upon the person who signed himself "William Mitchell" in the letter received.

The order is accordingly affirmed, with $10 costs and disbursements, but with leave to renew the application before the surrogate upon additional proof. All concur.

---

(88 App. Div. 538.)

CASE v. NEW YORK MUT. SAVINGS & LOAN ASS'N et al.

(Supreme Court, Appellate Division, First Department. December 11, 1903.)

1. ACCOUNTING—MISJOINDER OF CAUSES OF ACTION.

A complaint by a stockholder of the H. Co. against it, its officers, and the L. Ass'n, seeking to enforce obligations in favor of the H. Co. by an accounting, alleging a contract between the association and the company under which the association was indebted to the company, the refusal of the company's officers to enforce the contract, and the collection by J., one of the defendant directors of the company, of money from the association for and on account of the company, which he has failed to pay over or account for to the company, but has converted to his own use, misjoins causes of action, in violation of Code Civ. Proc. § 484; the cause of action against the association not affecting the officers of the company, and the cause of action against J. not affecting the association or any of the other officers of the company.

Appeal from Special Term, New York County.

Action by Franklin B. Case, Jr., against the New York Mutual Savings & Loan Association and others. From an interlocutory judgment overruling demurrers to the complaint (83 N. Y. Supp. 577) defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Frank E. Smith, for appellants.

Hector M. Hitchings, for respondent.

INGRAHAM, J. The plaintiff, as a stockholder of the defendant the Hudson Company, a foreign corporation, seeks to enforce obli-

gations in favor of the Hudson Company. The complaint alleges that the defendant the New York Mutual Savings & Loan Association, which will be designated the "Loan Association," a corporation organized under the laws of this state, made a contract with the defendant the Hudson Company, a corporation organized under the laws of the state of New Jersey, by which it was agreed that, in consideration of the advance by the Hudson Company of the moneys necessary to enable the Loan Association to start to do business, there should be set apart for and paid to the Hudson Company by the Loan Association the sum of $1 per share upon each and every share of capital stock of the Loan Association sold, issued, outstanding, and in force at the end of the year, and that the fund formed by such payment and set apart should be known as an "expense fund"; that said amount of $1 should be deducted from each and every share issued, and that the amount thereof should be paid over to the Hudson Company by the Loan Association, the Hudson Company agreeing to loan to the Loan Association all necessary moneys for the conduct of its business, to pay all the running and operating expenses of the Loan Association, and to furnish it good and suitable offices and a place of business; that the defendant the Hudson Company duly performed all the covenants and conditions on its part to be performed under and by the terms and provisions of said contract; that under the terms and stipulations of the aforesaid contract there became due and owing to the Hudson Company from the Loan Association various sums of money for the several years during which the corporations have been engaged in business, aggregating a sum upwards of $98,000.

This cause of action is to enforce the obligation of the Loan Association to the Hudson Company. Assuming, as the plaintiff claims, that the action could be maintained as an action in equity, and that upon these facts the court could compel the Loan Association to account to the Hudson Company for the balance due under the contract, it is apparent that the directors of neither the Hudson Company nor the Loan Association are proper parties to the action. Upon the facts as pleaded, no relief could be obtained against the directors of either corporation. If the Loan Association is indebted to the Hudson Company under this contract, and the contract is one that can be enforced, the judgment would be in favor of the Hudson Company against the Loan Association for the amount found to be due; and in such an action the liability of the defendant Johnson, as a director of the Hudson Company, to it for his acts as such director, would be an entirely different cause of action, depending upon entirely different proof, and calling for different relief, from the action against the Loan Association. The allegations as to a failure of the officers of the Hudson Company to enforce this contract against the Loan Association, and their refusal to enforce it when a demand was made upon them by the plaintiff, was necessary only to give the plaintiff as a stockholder a standing in court to enforce the obligation in favor of the Hudson Company, and would justify, in such an action against the Loan Association, no individual relief against the defendant Johnson. The complaint also alleges that Johnson has collected various

amounts from the Loan Association for and on account of the Hudson Company, which amounts said Johnson has failed to pay over or account for to the Hudson Company, and has converted it to his own use. Here is an entirely distinct cause of action, based, not upon an obligation of the Loan Association, but upon the fact that Johnson, president and director of the Hudson Company, has collected for and on account of that company sums of money which he was bound to account for and pay to the Hudson Company, but which he has converted to his own use. To enforce such a cause of action in favor of the Hudson Company, the Loan Association is neither a necessary nor a proper party. It has no interest in the dispute between the Hudson Company and its officers and directors.

Section 484 of the Code of Civil Procedure provides that the plaintiff may unite in the same complaint two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both, where it appears upon the face of the complaint that all the causes of action so united belong to one of the foregoing subdivisions of the section; that they are consistent with each other; and, except as otherwise prescribed by law, that they affect all the parties to the action. These two causes of action which the complaint seeks to enforce cannot be united under this provision, as a cause of action against the Loan Association does not affect the defendants Johnson, Dillingham, Trowbridge, and Rollins, and the cause of action against Johnson does not affect any of the other parties to the action.

None of the cases cited by the respondent at all justify uniting these two causes of action in one complaint. Miller v. Barlow, 78 App. Div. 331, 79 N. Y. Supp. 964, was an action brought by the plaintiff as a director of a foreign corporation to compel the officers of that company to account for money which they had received for the benefit of the company, and wrongfully used for their private purposes. In that case, although one of the grounds of demurrer was that causes of action had been improperly united, it was stated in the opinion that that ground was not referred to in the brief of the appellant nor otherwise argued. Merely calling an action one for an accounting does not entitle the plaintiff to include in the same action a demand for an accounting against different parties, based upon entirely different obligations, and where each of the causes of action does not affect all of the defendants; and in this case it is certain that the cause of action against Johnson upon the facts alleged would not affect the Loan Association, nor would that corporation be liable for any amount that Johnson had collected which belonged to the Hudson Company, and which he had misappropriated. It is not necessary upon this appeal to discuss the question as to whether the complaint is sufficient to allege a cause of action against either of the defendants, and that question is not passed upon.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, causes of action having been improperly joined, with leave to the plaintiff to amend the complaint upon the payment of costs in this court and in the court below. All concur.