HAMILTON v. GIBSON et al.

(Supreme Court, Appellate Division, First Department. July 7, 1911.)

ABATEMENT AND REVIVAL (§ 45*) — ACTION BY DIRECTOR OF CORPORATION— TERMINATION OF OFFICE—EFFECT.

General Corporation Law, §§ 90, 91, provides that an action may be maintained against one or more directors of a corporation by the Attorney General, a creditor of the corporation, or by a director. *Held,* that where plaintiff sued as a director of a corporation charging his co-directors with misconduct, and pending the suit his term of office expired, and he failed of re-election, his capacity to sue being dependent entirely on the continuance of his office, the suit abated and was not subject to further prosecution, notwithstanding Code Civ. Proc. §§ 755, 756, providing that an action does not abate by any event, if the cause of action survives, and, in case of a transfer of interest or devolution of liability, the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred or on whom the liability is devolved to be substituted or joined.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 226–236; Dec. Dig. § 45.*]

Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by Colson E. Hamilton, as director of the F. C. Linde Company, against William H. Gibson and others. From an order denying a motion to vacate an order for the examination of defendants before trial, they appeal. Reversed, and motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

James O. Clark, for appellants.

Curtis C. Cooper, for respondent.

SCOTT, J. This is an appeal from an order denying a motion to vacate an order for the examination of the defendants David H. Van Name and the F. C. Linde Company before trial. The motion was properly denied, if the action has not abated, and the one question presented by the appeal is whether or not it has abated.

The plaintiff sues as a director of the F. C. Linde Company, charging his co-directors with various acts of misconduct in the management of the affairs of the corporation, and asking appropriate relief. Since the action was brought, the plaintiff has ceased to be a director of the company, having failed of re-election at the annual meeting held on February 18, 1911. The action is brought under sections 90 and 91 of the general corporation law (Consol. Laws 1909, c. 23, formerly sections 1781 and 1782 of the Code of Civil Procedure). Those sections provide that an action may be maintained against one or more trustees, directors, managers, or other officers of a corporation for any one of a number of purposes, including the purposes for which this action is brought. Section 90. Such an action may be brought by the Attorney General; in certain cases by a creditor of the corporation, "or by a trustee, director, manager or other officer of the corporation having a general superintendence of its concern." Section 91. It was only by virtue of his incumbency of the office of director that the plaintiff ever had a right to maintain this action. If he had not been a director, he could not have begun it at all, and, if he had attempted to do so, his complaint would have been demurrable. It is a director, in virtue of his office, that the statute authorizes to sue, not the individual who holds the office. It seems to follow that when the plaintiff ceased to be a director, and thereby lost the only qualification to sue which he ever possessed, the action must have abated, since the plaintiff, to wit, C. E. Hamilton, *as director,* had ceased to exist. It is true that the Code of Civil Procedure provides that:

"An action does not abate by any event, if the cause of action survives or continues." Section 755.

And that:

"In case of a transfer of interest or devolution of liability the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved to be substituted in the action or joined with the original party as the case requires." Section 756.

The question remains whether or not the cause of action set forth in the complaint does survive, and, if so, whether there is any person upon whom the plaintiff's interest may be said to have devolved. Undoubtedly the same state of facts continues to exist which in plaintiff's estimation justified him in calling his fellow directors to account; but the power given to a director to sue under the sections above cited depends for its exercise upon the point of view and the sense of re-

sponsibility of the director who sues. The same facts which might impel one man to sue as director might wholly fail to impress another as sufficient to justify an action. It follows that, while the plaintiff in such an action acts only by virtue of his official position, his impulse to act depends entirely upon his personal viewpoint. When he ceases to be a director, his right to maintain the action, as such, ceases. Thereafter he has no standing to prosecute it, and his cause of action cannot survive. Another director may bring another action based upon the same facts; but he could do it only by virtue of his own office as director, and it would therefore be a new and a different cause of action. If it were to be held otherwise, still it would be impossible to place the finger on any one particular director upon whom the plaintiff's interest or right of action devolved. If the action had been brought by the Attorney General in behalf of the people, or by a creditor, a different question would be presented, for, though there may be a new Attorney General, the interest of the people would still survive, and if a creditor-plaintiff had died, his interest in the action would devolve upon his personal representatives. It is not relevant to say that plaintiff, in addition to having been a director, is also a stockholder. His right to maintain this action depends wholly upon his holding of the office of director, and he cannot turn this purely statutory action, open to him only because he was a director, into a stockholder's action under some other provision of law. In my opinion the action has abated, and the cause of action is not one which survives. It follows that plaintiff has no present right to the examination he seeks.

The order must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, P. J., and McLAUGHLIN and DOWLING, JJ., concur. CLARKE, J., dissents.