JOHN E. MANIX, Respondent, v. ALFRED FANTL and Another, Appellants.

First Department, June 6, 1924.

Corporations — action by director under General Corporation Law, §§ 90 and 91 — action does not abate when director ceases to be such.

An action by a director of a corporation against other directors under sections 90 and 91 of the General Corporation Law does not abate when the plaintiff ceases to be a director of the corporation and the action which is one for the benefit of the corporation may be continued in the director's name after he ceases to be such.

APPEAL by the defendants, Alfred Fantl and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of March, 1924, denying their motion for an order declaring the action abated.

*Stein & Salant* [*Louis Salant* of counsel], for the appellants.

*Strong, Mellen & Stanfield* [*Chase Mellen* of counsel], for the respondent.

MARTIN, J.:

On November 24, 1923, plaintiff commenced this action by the service of a summons and complaint. He alleged that he was at that time a stockholder, director and vice-president of defendant corporation, A. F. Mercantile Corporation, which was incorporated in July, 1918, and that defendant Fantl was a director, president and treasurer thereof. The defendants contend that the action has abated by reason of the fact that since its commencement plaintiff has ceased to be a director and officer.

Defendant Fantl, Henry C. Grouse and plaintiff became directors of defendant corporation and continued as such until August, 1922, when Grouse resigned. No successor to him was elected for the time being. During the month of November, 1919, Fantl became president and treasurer, plaintiff vice-president, and Grouse, secretary.

The material allegations of the complaint are to the effect that Fantl, arrogating to himself the entire management and control of defendant corporation and its finances, excluded the other directors from the management, refused to call meetings of stockholders and directors, received moneys and other property belonging to the corporation, failed to perform his duties in the management of the property over which he at all times assumed sole control, paid himself a salary notwithstanding the corporation was to his knowl-

edge insolvent, conducted the business of defendant corporation solely for his own personal benefit, and mismanaged its finances in various ways; invested funds to the extent of $5,000 in stock of a corporation in France with which the corporate defendant had no connection and from which it received no benefits or profits; constituted himself a large creditor of this corporation; borrowed large sums of money from his individual clients which are carried as a liability of the defendant; threatens to and is about to alienate property and to convey all the corporate property to himself or to another corporation which he proposes to form. These things it is alleged were done without the consent of plaintiff and Grouse and many of them against their protests.

After issue was joined, the action was referred to a referee to hear and determine. While the hearings were in progress, a meeting of stockholders was held on February 15, 1924, after due notice to plaintiff as well as to other stockholders. Shareholders were present, either in person or by proxy representing 350 shares out of the entire 450 shares of issued and outstanding capital stock, the only stockholder not present being the plaintiff. He says he did not attend because he realized he was in the minority. The stockholders present elected a new board of directors not including plaintiff. A meeting of directors was then held and plaintiff was not re-elected an officer.

At the next hearing before the referee, attention was called by defendants' counsel to the fact that plaintiff had not been re-elected as a director and officer and it was argued that the action had consequently abated. It was agreed that the testimony of a certain witness who was present, and for whom it was inconvenient to return, should proceed without prejudice.

The motion that resulted in the order from which this appeal is taken was then made by defendants at Special Term to have the action declared abated. It was denied on the sole ground that it should have been made before the referee. The opinion states: " Motion to declare action abated denied upon the sole ground that the question is one to be determined by the referee."

Section 90 of the General Corporation Law provides:

" An action may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, or so much thereof as the case requires:

" 1. Compelling the defendants to account for their official conduct, including any neglect of or failure to perform their duties, in the management and disposition of the funds and property, committed to their charge.

" 2. Compelling them to pay to the corporation, which they represent, or to its creditors, any money, and the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by or through any neglect of or failure to perform or by other violation of their duties."

By section 91, plaintiff, a director, had the right to bring the action, the section reading: " An action may be brought, as prescribed in the last section, * * * by a creditor of the corporation, or by a trustee, director, manager, or other officer of the corporation, having a general superintendence of its concerns."

Being a director, plaintiff was qualified by the statute to institute this action which did not abate when he ceased to be a director.

Section 82 of the Civil Practice Act provides that " An action does not abate by any event if the cause of action survives or continues. A special proceeding does not abate by any event if the right to the relief sought in such special proceeding survives or continues."

A director's right *to bring* the action does not exist after he has been defeated for re-election, but the cause of action survives because it is brought for the benefit of the corporation. The action, already commenced, may not be defeated by failing to re-elect plaintiff a director.  Nor may his plan to bring to account those mismanaging the corporation be frustrated or interrupted, in its accomplishment, by such a process. The proceeds or results of the action inure to the benefit of the corporation and not to the benefit of the individual prosecuting it.

In *Miller* v. *Barlow* (78 App. Div. 331, 335) the court said: " The cause of action given to the respective officers and persons named in such section is not joint, but several, and may be maintained by each as a party without joining the other parties named. [*Halpin* v. *Mutual Brewing Co.*, 91 Hun, 220; 20 App. Div. 583; *Gildersleeve* v. *Lester*, 68 Hun, 532, 535; affd., on appeal on opinion below, 139 N. Y. 608.] The director bringing the action stands in relation to the creditor as a trustee prosecuting the action for the benefit of others entitled to share in the assets of the corporation. It is true that he has not the legal title to the property sought to be recovered, nor does he claim title to the money or property. That is vested in the corporation, and the judgment which is asked preserves the property to it and its creditors. But in relation to all persons interested, the plaintiff stands in the position of a trustee, and where such relation exists the *cestui que trust* is never a necessary party, as his rights are all protected in the representative character of the plaintiff.  (*Matter of Estate of Straut,*

126 N. Y. 201.) It is plain, therefore, that this ground of demurrer was properly overruled."

The General Corporation Law does not provide that an action may be prosecuted or maintained by a director only. The statute does not create a new cause of action. It qualifies and grants permission to certain officers to enforce an existing one. (*People* v. *Equitable Life Assurance Society,* 124 App. Div. 714.)

The right to bring the action attached to the office of director, but the right to continue, maintain or prosecute it does not necessarily attach to such office. As the action is for the benefit of the corporation, it should not abate on account of the mere fact that other directors succeed, by trick or otherwise, in defeating the plaintiff director for re-election. Such a construction of the statute would often render it practically ineffectual.

In *People* v. *Equitable Life Assurance Society* (124 App. Div. 714, 718) the court said: "The action, although duly brought and prosecuted in the name of the People, is in the right of the society, and for its benefit. (*Brinckerhoff* v. *Bostwick,* 105 N. Y. 567; *People* v. *Ballard,* 134 id. 269.) These provisions of the Code did not create, give rise to or confer upon the parties enumerated in section 1782* any new cause of action, excepting with respect to the removal or suspension of directors; and with that exception, by the provisions of those sections, the Legislature, in the interest and for the protection of creditors, including policy holders and stockholders, merely authorized the enforcement, by the officials and individuals designated in section 1782,* of causes of action which have accrued to the corporation and might be enforced by it or its receiver, or by a stockholder in behalf of himself and all other stockholders in the right of the corporation. (*People* v. *Ballard, supra; People* v. *Lowe,* 117 N. Y. 175.) "

In this case the director and officer made a defendant was in full control of the corporation. He would not be likely to bring an action to compel restitution by himself to reimburse the corporation.

We are confronted with the opinion in the case of *Hamilton* v. *Gibson* (145 App. Div. 825), decided by a divided court, Mr. Justice CLARKE (now Presiding Justice CLARKE of this court) dissenting. We are told that that case is authority for the proposition that the action abates because the plaintiff ceased to be a director. The basis of what was said in that opinion seems to be an assumption that the cause of action was given to the director. We believe that was erroneous. The statute simply qualified a director to bring

---

* Now Gen. Corp. Law, § 91.— [REP.

**760**  People ex rel. Western N. Y. & Penn. R. Co. *v.* Knapp.

Third Department, June, 1924.  [Vol. 209]

the action. It speaks of the time an action may be brought and by whom it may be instituted.

Plaintiff should be permitted to proceed with the trial and, if his case is established, secure a judgment for the benefit of the corporation. For that reason we think the motion was properly denied and that the order should be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Merrell, Finch and McAvoy, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.