DAVID WANGROW, Respondent, *v.* HERMAN WANGROW and Others, Appellants.

First Department, December 19, 1924.

Corporations — action by director under General Corporation Law, §§ 90 and 91, to compel other directors to account to corporation — corporation was owned by three brothers — plaintiff acted as managing director — one of defendants excluded plaintiff from his position and stopped corporate business summarily — facts authorized plaintiff to demand accounting by defendants to corporation — plaintiff as director was authorized by General Corporation Law, § 91, to bring action — illegal ouster of plaintiff as director after action was commenced does not abate action — case should not have been referred to determine right to accounting.

A director of a corporation which is owned and controlled by three brothers is authorized by section 91 of the General Corporation Law to maintain an action under section 90 thereof to compel the other directors of the corporation to account to the corporation where it appears that the director commencing the action was the sole active head of the corporation; that following a dispute between himself and one of the other directors he was excluded by the other

director from the management of the corporation and the corporation's business was summarily stopped and its assets disposed of without due and legal procedure; and that the defendants drew a large sum of money as salary after the business was stopped.

The plaintiff is not entitled to an accounting personally but only to an accounting by the defendants to the corporation.

The fact that the plaintiff was illegally ousted as director of the corporation after the commencement of this action does not abate the action.

The procedure adopted in this case of referring the issues to a referee to report on the question whether or not the defendants should be compelled to account should not be encouraged; the issues should be tried by the court to save expense and delay.

APPEAL by the defendants, Herman Wangrow and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of January, 1923, upon the report of a referee appointed to hear the issues and report, requiring the individual defendants to account to the corporation defendant for certain acts and appointing a referee to take and state the account.

*Aaron William Levy [Leonard Klein* with him on the brief], for the appellants.

*Manheim & Wachtell [Samuel R. Wachtell* of counsel], for the respondent.

McAvoy, J.:

The relief which the complaint herein demands is that Herman and Samuel Wangrow, defendants, be required to account to the corporation for all sums of money which they have received or taken from it since October 31, 1917, and for all damages which the corporation has suffered by reason of the discontinuation of the business and by reason of the depreciation of any of its assets.

At the time of bringing the action, plaintiff was a member of the board of directors of the corporation and the holder of thirty-six shares of stock, and the individual defendants constituted a majority of the board of directors and had theretofore had complete and exclusive control of the said board. The assets of the corporation were conceded to be $23,770.90 on October 16, 1917, the date of the ouster of plaintiff and the cessation of corporate activities.

The court, on consent, appointed a referee by an order which required him to report to the court with all convenient speed " whether or not the plaintiff is entitled to an accounting against the defendants herein and to the relief prayed for in the complaint."

The testimony of the plaintiff and his witnesses shows that the respondent and the individual appellants are brothers, the respondent being the youngest.

After the business which is now the corporate defendants' property had been conducted as a copartnership for sometime with other parties besides one or other of the brothers as partners, Herman decided that the business should be conducted in corporate form. David was agreeable and the corporation was organized. The stock was issued in accordance with the capital accounts of the parties, with certain modifications which arose from a loan owed by David to Herman, and an overdraft by David. The respective capital interests of the parties were shown by their respective stockholdings, but the division of profits in the corporation was under a special agreement divided equally between Herman and David.

In the corporation which was thus formed David continued to fill the position which he had filled in the previous partnership, and in addition thereto performed the duties one Sandberg had performed. He became the sole active head of the organization. He took charge of all the departments of the business and conducted them all. He hired all the help and had complete charge of the labor end of the business.

Herman came down very rarely, calling only once a month or once in two weeks, at which time he would stay for a little while and then leave.

Herman and David each drew the sum of fifty dollars as weekly salary which was charged to the general expenses of the corporation.

After the incorporation of the company the situation between David and Herman became somewhat strained. The principal causes were Herman's refusal to pay David the $1,200 due him on the sale of certain velvets, and his refusal to surrender a promissory note for $1,500 which had been paid by the stock adjustment between them.

The situation became more acute later, and on the 21st of October, 1917, it culminated in the occurrence described in the complaint. On that day Herman came down to get his weekly salary and David again referred to the matter of the $1,200 and to his brother's refusal to expand the business. After a talk about this expansion of business, Herman is said to have replied: " You threaten me, do you; I will show you what I will do; I will break you; I will make you go out and earn your own living, be a workman; I will make a bum out of you; stay out of here; if you come up again I will kick you out."

He then demanded the keys of David, who surrendered them. Herman then said in answer to David's saying he could not run the business: " I don't care, I will break it; I don't care if I lose everything in it; if you lose whatever your interest in the firm

is at the present time you will have nothing, but if I lose, it is only a button off my shirt and what do I care."

The corporation defendant at that time employed a bookkeeper, a shipping clerk, a designer, a foreman, a cutter, a trimmer, a sample maker, four operatives and an errand boy. The business was then at the commencement of the season, in anticipation of which samples had been manufactured. The salesmen were ready for the road to solicit business. All of these, with the exception of the bookkeeper and shipping clerk, were discharged immediately and the active business of the corporation was brought to an immediate cessation.

This season and the following ones which this corporation was thus forced to lose were of " unprecedented prosperity," as one disinterested witness testified. During that entire season, and in fact until 1919, there was not a single bankruptcy reported in the millinery business.

The corporation defendant, under its by-laws, was required to be managed by a board of three directors. The plaintiff was a member of that board. The by-laws provided that special meetings of the board could be called only on due notice. It appears, however, that the decision to discharge David and to stop the activities of the corporation was made on the direction solely of Herman Wangrow, without any procedure designed to that end.

The defendant corporation no longer operated after the 21st of October, 1917, but Herman and Samuel continued to draw their salaries until March, 1919, which total sums so taken from the corporation defendant amount to about $4,000.

On December 1, 1917, Herman Wangrow swore that the net assets of the corporation defendant were of the value of $22,243.72. Of these assets, $7,404.55 was in cash. All of these assets had been converted into cash long prior to the trial before the referee. It appeared on the trial before the referee, and the referee so found, that the total assets of the corporation then consisted of approximately $7,000 in cash.

Upon this evidence there was ample ground for the findings of the referee, and his conclusions of law thereon, that the acts of the defendant Herman Wangrow in discharging the plaintiff and discontinuing the business of the corporation were unauthorized and unjustified, and that the plaintiff is entitled to an accounting.

The action could have been brought by the respondent (a) in equity as a stockholder and (b) under the statutory provisions of the General Corporation Law as a director. He proceeded under the authority of both the equitable remedy and the statutory provisions.

Although the referee finds that " plaintiff is entitled to an

accounting," he can refer only to the accounting intended by the order of reference under which he acted and to which the appellants' counsel consented, which accounting must be to the corporation under the complaint's relief prayer.

It is not contended that the plaintiff seeks in this action to compel the individual defendants to account to him personally. Neither is it pretended that the interlocutory judgment entered on the confirmation of the referee's report would have that effect.

The interlocutory judgment states that it is " Ordered, adjudged and decreed that the defendants, Herman Wangrow and Samuel Wangrow be and they hereby are directed to account to the defendant, Wangrow Hat Co., Inc., in accordance with the referee's report dated March 15, 1922."

Furthermore, the interlocutory judgment appoints a referee " to take and state the account between Herman Wangrow and Samuel Wangrow on the one hand, and the Wangrow Hat Company on the other, and to report to this Court his findings," etc.

The interlocutory judgment entered upon the report of the referee, and from which this appeal is taken, does not direct any personal accounting between Herman Wangrow and the plaintiff as joint venturers or otherwise although the referee uses that expression in his opinion. This, however, may be disregarded as not material to his decision on the facts.

The degree of care and fidelity which the law requires directors of a corporation to use in the management of its affairs is stated in 4 Fletcher's Cyclopedia of the Law of Corporations (§ 2453, p. 3709) as follows: " The rule exempting officers of corporations from liability for mere mistakes and errors of judgment does not apply where the loss is the result of failure to exercise proper care, skill and diligence. ' Directors are not merely bound to be honest; they must also be diligent and careful in performing the duties they have undertaken. They cannot excuse imprudence on the ground of their ignorance or inexperience, or the honesty of their intentions; and, if they commit an error of judgment through mere recklessness, or want of ordinary prudence and skill, the corporation may hold them responsible for the consequences.' "

Equity will protect the rights of minority stockholders in an action brought by a stockholder on behalf of himself and on behalf of all other stockholders similarly situated who desire to come in and join in the action. The plaintiff in such an action exercises a derivative right. The corporation, and not he, is the beneficiary of any relief granted. If there is a money judgment it runs in favor of the corporation, although the corporation may be a defendant in the action.

The complaint in this case is based on the general equitable right of the respondent as a stockholder of the corporation.

The prayer for relief shows that the individual defendants are " required to account to the corporation, * * * Wangrow Hat Co., Inc., for all sums of money which they or either of them has received * * * and that they pay such amount into the treasury of the said company and that they be required further to account to the said defendant company for all damages which the defendant company has suffered by reason of * * * the waste and dissipation and depreciation of the assets resultant upon the failure of the individual defendants to allow the ordinary and usual business of the defendant company to be continued and that they be required to pay the said damages into the treasury of the said company."

From this it will be seen that plaintiff does not ask any personal relief in the action.

Section 90 of the General Corporation Law provides that an action such as this one may be maintained against one or more trustees, directors, managers or other officers of a corporation.

Section 91 designates a creditor, trustee, director, manager or other officer having a general superintendence of the corporation's concerns as a proper person to bring the action authorized in section 90.

The complaint in this case alleges that the respondent is a director. This is admitted in the answer. It is so found by the referee. It is testified to on the trial. Therefore, he was authorized to bring the action under the General Corporation Law.

Paragraph " four " of the complaint alleges " that the plaintiff and the defendants Herman Wangrow and Samuel Wangrow constitute the entire board of directors of the defendant Wangrow Hat Co., Inc." This is undenied.

The argument that plaintiff is not a director is based on the allegation in the complaint that the plaintiff had been removed without hearing as well as without cause from his office as secretary and treasurer and the finding of the referee that the plaintiff had been " ousted and excluded " from all participation in the affairs of the corporation and removed from the offices of director, secretary and treasurer.

The answer to that is that the defendant will not be heard to urge an illegal and unauthorized ouster in order to defeat the plaintiff's right to bring the action. If the plaintiff was a director of the corporation at the time he brought the action, he had the right to bring it. The defendants at that time did not question the right.

An illegal ouster of the plaintiff from his office as director was a nullity só far as this action is concerned, and no removal from the office of director after the action was brought, even if legal, will cause this action to abate. (*Manix* v. *Fantl*, 209 App. Div. 756.) In the case cited the holding in the case of *Hamilton* v. *Gibson* (145 App. Div. 825), relied on by the appellants, is expressly disapproved.

We think that the practice adopted in this cause, when the trial of the issues was reached at Special Term, should not be encouraged. The reference, even by a suggested consent, of issues which should be tried by the court adds much expense to litigants, provokes unnecessary applications for interlocutory relief, and delays unduly the ultimate reference on an accounting if ordered.

The interlocutory judgment should be affirmed, with costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment affirmed, with costs.