WARREN S. TENNEY, Suing as a Director of NEW YORK WATER SERVICE CORPORATION, Appellant, v. RICHARD L. ROSENTHAL et al., Respondents, et al., Defendants.

First Department, November 25, 1958.

*Milton Pollack* of counsel (*Warren S. Tenney,* in person, and *Samuel N. Greenspoon* with him on the brief; *Milton Pollack* and *Marshall, Bratter, Greene, Allison & Tucker,* attorneys), for appellant.

*Jesse Climenko* of counsel (*Martin I. Shelton* with him on the brief; *Gallop Climenko & Gould,* attorneys), for New York Water Service Corporation and another, respondents.

*Fowler Hamilton* of counsel (*Leonard S. Sheriff* and *Sedgwick W. Green* with him on the brief; *Cleary, Gottlieb, Friendly & Hamilton,* attorneys), for Richard L. Rosenthal and others, respondents.

*Per Curiam.* The question presented on this appeal is whether the order and judgment dismissing the complaint herein were properly grounded on subdivision 2 of rule 107 of the Rules of Civil Practice, or section 82 of the Civil Practice Act, either because of plaintiff's incapacity to prosecute this action or because the action abated.

It appears that since the commencement of this action plaintiff failed of re-election as director of New York Water Service Corporation. The action is one to compel the individual defendants, directors and officers of the corporate defendant, to account for and to set aside certain corporate transactions. Section 61 of the General Corporation Law provides that an action of this kind may be brought " by a director " among other persons therein named and described.

We have held that failure of re-election after its commencement does not abate an action by a director pursuant to section 61. (*Manix* v. *Fantl,* 209 App. Div. 756; cf. *Wangrow* v. *Wangrow,* 211 App. Div. 552.) Special Term's reliance on *Matter of Cohen* v. *Cocoline Prods.* (309 N. Y. 119) is misplaced. There the petitioner sought to sustain his absolute right to an inspection of the books of the corporation involved although one day after his motion for the inspection had been granted he failed of re-election as director. The *Cohen* case stands for the proposition that the absolute right of inspection of corporate books is personal to the director and terminates with his failure of re-election. In the case at bar, the right of action is that of the corporation. The fact that after commencement of the action the plaintiff ceased to be a director of the corporation does not serve to abate the cause of action for the benefit of the corporation. (Civ. Prac. Act, § 82.)

We have considered the holding in *Kehaya* v. *Axton* (32 F. Supp. 266), and, while the court therein is entitled to great respect, the conclusion and the reasoning on which the decision was based are not adopted by us.

The order and judgment entered thereon should be reversed, on the law, with costs to the appellant, and the motion to dismiss the complaint denied, with leave to the defendants to

answer or otherwise move with respect to the complaint within 20 days after the service of the order herein with notice of entry thereof. The appeal from the order denying the motion for reargument should be dismissed. (*Gallie Corp.* v. *Bankers Commercial Corp.*, 6 A D 2d 674.)

BREITEL, J. P., RABIN, McNALLY, STEVENS and BASTOW, JJ., concur.

Judgment and order granting defendants' motion to dismiss the complaint unanimously reversed on the law, with costs to the appellant, and the motions to dismiss the complaint denied, with leave to defendants to answer or otherwise move with respect to the complaint within 20 days after the service of the order herein with notice of entry thereof. The appeal taken from the order denying reargument is dismissed.